ORIGINAL

ELIZABETH F. ROJAS
CHAPTER 13 STANDING TRUSTEE
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403
TELEPHONE: (818) 933-5700
FACSIMILE: (818) 933-5755

FILED
JAN 30 2009

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | ) CHAPTER 13 |
| | ) |
| | ) Case No.: SV 08-17343 MT |
| Russell L. Smith | ) TRUSTEE'S BRIEF RE: DEBTORS' ELIGIBILITY |
| | ) FOR CHAPTER 13 BANKRUPTCY UNDER 11 |
| and | ) U.S.C. SECTION 109(e); DECLARATION OF |
| | ) ELIZABETH F. ROJAS IN SUPPORT OF BRIEF |
| Joy C. Smith, | ) |
| | ) HEARING DATE: March 10, 2009 |
| Debtors. | ) TIME: 11:00 A.M. |
| | ) LOCATION: COURTROOM 302 |
| | )  21041 BURBANK BLVD. |
| | )  WOODLAND HILLS, CA 91367 |

At issue in this case is whether the Debtors exceeds the unsecured debt limit set by Congress under 11 U.S.C. §109(e) of $336,900 for unsecured debt.

I. **STATEMENT OF FACTS**

The Debtor filed a petition under Chapter 13 of the Bankruptcy code on September 25, 2008.

The Debtors have scheduled unsecured claims of $470,035.36 including the amounts on Schedule D and E. [A true and correct copy of the Debtors' Schedules D, E and F is attached hereto and incorporated herein as Exhibit A.]. The Schedules do not indicate that any of the debts are contingent or unliquidated except one claim with no amount included. No objections to claims have been received by the Chapter 13 Trustee.

## II.    POINTS AND AUTHORITIES IN SUPPORT OF BRIEF

Only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 ay be a debtor under chapter 13 of this title.

11 U.S.C. §109(e).

The petition date governs the eligibility requirements.  *In re Slack*, 187 F.3d 1070 (9th Cir 1999). Thus, post-petition events are not relevant in the determination of the status of a claim. The fact that the Debtor intends to surrender a secured asset does not change the nature of the asset at the time filed.

"We now simply and explicitly state the rule for determining Chapter 13 eligibility under §109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001).

It is within the discretion of the bankruptcy court to make a limited inquiry outside of the schedules to determine whether a Debtor estimated his or her debts in good faith and, if not, whether debtor was was in fact eligible for chapter 13 relief. *In re Guastella*, 341B.R. 908, 919 (B.A.P. 9th Cir. 2006). "congress did not specifically define 'good faith' in the Bankruptcy Code nor does the Code suggest a procedure for making that determination. *Id.* Under §1325(a)(3) the debtor has the burden of proving good faith. *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 883 (9th Cir. BAP 2000). Generally, such inquiries are conducted on a case-by-case analysis. *In re Guastella,* supra, at 919. However, the Court does not need to make a specific finding of "bad faith" as a prerequisite to dismissal of a Chapter 13.

Similarly, the Court does not have to find that a debtor intentionally misrepresent his or her debts "to create the appearance of eligibility before there can be an absence of good faith." *In re Guastella, supra*, at 920. The 9th Circuit has recently reiterated the 'good faith' test applicable to the preparation of chapter 13 bankruptcy schedules holding that a "good faith" inquiry is unnecessary if it appears a legal

TRUSTEE'S BRIEF RE: INELIGIBILITY - 2

certainty from the face of the schedules and the record before the Court that a claim was not the amount as stated on the schedules. *In re Guastella, supra,* at 921.

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. §502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to F.R.B.P. 3001(f). See also Fed. R. Bankr. P. 3007.

Here, the Debtors' Schedules D, E and F list total unsecured debt of $470,035.36.

### III.    CONCLUSION

The Debtors' Schedules, as filed, indicate that Debtors have exceeded the debt limits pursuant to 11 U.S.C. §109(e). Therefore, the Trustee respectfully requests that the case be dismissed or converted.

Dated this 29th day of January 2009.

_____
Elizabeth F. Rojas
Chapter 13 Trustee

TRUSTEE'S BRIEF RE: INELIGIBILITY - 3

## DECLARATION OF ELIZABETH F. ROJAS

I, Elizabeth F. Rojas, do hereby declare as follows:

I am the duly appointed Chapter 13 Standing Trustee in the above – captioned case. I have personal knowledge of the facts hereinafter set forth, and if called upon as a witness, I could and would testify competently thereto.

1.  The Debtors have scheduled unsecured claims of $470,035.36 including the amounts on Schedule D and E. [A true and correct copy of the Debtors' Schedules D, E and F is attached hereto and incorporated herein as Exhibit A.]. The Schedules do not indicate that any of the debts are contingent or unliquidated except one claim with no amount included. No objections to claims have been received by the Chapter 13 Trustee. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of January 2009

_____
Elizabeth A. Rojas, Chapter 13 Trustee

B6D (Official Form 6D) (12/07)

IN RE Smith, Russell L & Smith, Joy C                                    Case No. _____
           Debtor(s)                                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED. NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3899<br>Countrywide Home Loan<br>P.O. Box 10219<br>Van Nuys, CA 91410-0219 | | C | 19413 Green Mountain Drive, Santa Clarita, CA 91321<br><br>VALUE $ 425,000.00 | | | | 547,782.00 | 131,064.70 |
| ACCOUNT NO. 1929<br>Ford Credit<br>National Bankruptcy Service Center<br>P.O. Box 537901<br>Livonia, MI 48153-7901 | | C | 2005 Ford Explorer<br><br>VALUE $ 12,000.00 | | | | 13,775.14 | 1,775.14 |
| ACCOUNT NO. 7000<br>Los Angeles County Tax Collector<br>P O Box 54088<br>Los Angeles, CA 90054-0088 | | C | Property Taxes to June 30, 2008<br><br>VALUE $ 425,000.00 | | | | 8,282.70 | |
| ACCOUNT NO. 4727<br>Washington Mutual<br>P.O. Box 78065<br>Phoenix, AZ 85062-8065 | | C | 2nd loan - principal residence - 19413 Green Mountain Drive, Newhall, CA 91321-2143<br><br>VALUE $ 425,000.00 | | | | 250,000.00 | 250,000.00 |

0 continuation sheets attached

Subtotal (Total of this page) $ 819,839.84 | $ 382,839.84

Total (Use only on last page) $ 819,839.84 | $ 382,839.84

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Page 5    Exhibit A

B6E (Official Form 6E) (12/07)

IN RE Smith, Russell L & Smith, Joy C _____    Case No. _____
                                             Debtor(s)                                                                           (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

____0 continuation sheets attached

Page 6    Exhibit A

B6F (Official Form 6F) (12/07)

IN RE Smith, Russell L & Smith, Joy C                                    Case No. _____
                    Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5761<br>ACS<br>P.O. Box 78208<br>Phoenix, AZ 85062-8208 | | C | | | | | 1,100.28 |
| ACCOUNT NO. 5006<br>American Express<br>Box 0001<br>Los Angeles, CA 90096-0001 | | C | | | | | 8,324.08 |
| ACCOUNT NO. 4835<br>At&T Universal Card<br>PO Box 44167<br>Jacksonville, FL 32231-4167 | | C | | | | | 14,708.32 |
| ACCOUNT NO. 7196<br>Bank Of America<br>P.O. Box 15027<br>Wilmington, DE 19850-5027 | | C | | | | | 38,059.96 |

2 continuation sheets attached

Subtotal (Total of this page) $ 62,192.64

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

Page 7   Exhibit A

B6F (Official Form 6F) (12/07) - Cont.

IN RE Smith, Russell L & Smith, Joy C                                    Case No. _____
                    Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3058<br>Chase<br>P.O Box 15298<br>Wilmington, DE  19850-5298 | | C | | | | | 8,465.53 |
| ACCOUNT NO. 1864<br>Home Depot Credit Services<br>PO Box 689100<br>Des Moines, IA  50368-9100 | | C | | | | | 4,095.93 |
| ACCOUNT NO. 1120<br>HSBC Card Services<br>PO Box 80084<br>Salinas, CA  93912-0084 | | C | | | | | 802.70 |
| ACCOUNT NO. 0757<br>Law Office Of Barbara Jean Penny<br>15650 Devonshire Street, Suit 103<br>Granada Hills, CA  91344 | | C | | | | | 2,000.00 |
| ACCOUNT NO. 7799<br>Law Offices Of Frawley & Brauer<br>21300 Victory Blvd., Suite 820<br>Woodland Hills, CA  91367-2538 | | C | | | | | 1,441.33 |
| ACCOUNT NO. 6542<br>Lisa Mahoney<br>C/O Law Offices Of Steven K. Perrin<br>101 Moody Court, Suite 218<br>Thousand Oaks, CA  91360 | | C | State Court Action filed August 18, 2008: Slander Per Se; Invasion of Privacy; Breach of Written Agreement<br>Subject to Setoff | X | X | X | unknown |
| ACCOUNT NO. 4539<br>Michelle S. Smith Vs. Russell L. Smith | | C | Lawsuit for attorney's fees<br>San Fernando Branch of Superior Court | | | | 2,000.00 |

Sheet no. __1__ of __2__ continuation sheets attached to                         Subtotal
Schedule of Creditors Holding Unsecured Nonpriority Claims                (Total of this page) | $ | 18,805.49 |

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

Page 8    Exhibit A

B6F (Official Form 6F) (12/07) - Cont.

IN RE Smith, Russell L & Smith, Joy C                                   Case No. _____
           Debtor(s)                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Barbara Jean Penny<br>15650 Devonshire St., #103<br>Granada Hills, CA 91344 | | | Assignee or other notification for:<br>Michelle S. Smith Vs. Russell L. Smith | | | | |
| ACCOUNT NO. 4138<br>Northland Group Inc<br>P.O. Box 390846<br>Ednina, MN 55439 | | C | capital one bank (usa) n.a. | | | | 5,941.66 |
| ACCOUNT NO. 8376<br>Wfnnb-Newport News<br>PO Box 659705<br>San Antonio, TX 78265-9705 | | C | | | | | 255.73 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ 6,197.39

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ 87,195.52

Page 9    Exhibit A

Elizabeth Rojas, Chapter 13 Trustee
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403
(818) 933-5700  Fax: (818) 933-5755

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| | CASE NO. SV08-17343-MT |
| RUSSELL L SMITH | |
| JOY C SMITH | |
| | **PROOF OF SERVICE BY MAIL** |
| DEBTORS | |

PROOF OF SERVICE

I declare under penalty of perjury that I am over the age of eighteen years and not a party to the within entitled action, I am employed by Elizabeth Rojas, Chapter 13 Standing Trustee, 15060 Ventura Blvd., Suite 240, Sherman Oaks, CA 91403, and that on 1/29/2009 I served the following document(s): TRUSTEE'S BRIEF RE: DEBTOR'S ELIGIBILITY FOR CHAPTER 13 BANKRUPTCY on all parties in interest listed below, by placing a true copy thereof enclosed in a sealed envelope with postage theron fully prepaid, in the United States Mail addressed as follows:

RUSSELL L SMITH
JOY C SMITH
19413 GREENMOUNTAIN DRIVE
NEWHALL, CA 91321

LOUIS ESBIN
27201 TOURNEY RD, STE 122
VALENCIA, CA 91355

Ms. Jennifer Braun
Assistant United States Trustee
Department of Justice
21051 Warner Center Lane, #115
Woodland Hills, CA 91367-1367

Executed at Sherman Oaks, California on January 29, 2009.

*Gisele Dorsey*

Gisele Dorsey

Case No. SV08-17343-MT