**Louis J. Esbin, Esq. (Cal. Bar No. 119705)**
**LAW OFFICES OF LOUIS J. ESBIN**
**27201 Tourney Road, Ste. 122**
**Valencia, California 91355**
**Tel: 661-254-5050 | Fax: 661-254-5252**
**Email: Esbinlaw@sbcglobal.net**

Attorneys for Debtors, Russell L. Smith and Joy C. Smith

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Chapter 13 Case |
| Russell L. Smith and Joy C. Smith, | Bankr. No. SV 08-17343 MT |
| Debtors. | RESPONSE OF DEBTORS TO TRUSTEE'S BRIEF CONCERNING DEBTORS' ELIGIBILITY AND IN FURTHER SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES. |
| | Date:  March 10, 2009<br>Time:  11:00 am<br>Place: Courtroom 302<br>21041 Burbank Blvd. Woodland Hills, CA |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, CHAPTER 13 TRUSTEE, PARTIES IN INTEREST AND COUNSEL OF RECORD:

COMES NOW Russell L. Smith and Joy C. Smith, Chapter 13 Debtors ("<u>DEBTORS</u>"), by and through counsel for record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, to respectfully submit this RESPONSE OF DEBTORS TO TRUSTEE'S BRIEF CONCERNING DEBTORS' ELIGIBILITY AND IN FURTHER SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES, upon which the DEBTORS have moved this Court, pursuant to 11 U.S.C. §§506(a) and 1325(a)(5)(B) and *In re Lam (Lam vs. Investors Thrift)*, 211 B.R. 36 (9th Cir.BAP 1997), for a

determination of the secured value of the Real Property located at 19413 Greenmountain Dr., Newhall, California 91321 (2842-005-044) (the "REAL PROPERTY") to be $370,000, based upon an appraisal as of October 8, 2008, and to stay post petition payments by DEBTORS and to treat the claims of Washington Mutual Bank with Account No. 4727, as wholly undersecured for purposes of plan confirmation, on the grounds that the value of the REAL PROPERTY has declined in value since DEBTORS originally purchased the REAL PROPERTY in September 20, 2006, at the price of $570,000, upon which the encumbrances with Countrywide Home Loans with Account No. 3899 ("C/W 3899") and Washington Mutual Bank with Account No. 4727 ("WAMU 4727") are recorded as liens against the Real Property with the Los Angeles County Recorder's Office, such that the value of the REAL PROPERTY no longer has equity adequate to fully secure encumbrances, resulting WAMU 4727 being 100% undersecured and not entitled to treatment under DEBTORS' proposed Chapter 13 Plan as a secured creditor for the full amount of their purported claim, with its lien being subject to avoidance upon entry of a Chapter 13 Discharge; and on the further grounds set forth in the Memorandum of Points and Authorities, Declaration in Support, filed concurrently herewith, and on such further grounds as may be presented in oral arguments before this Court or upon Reply to any opposition filed in response to this Motion.

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A simple, but common fact scenario is set forth in the Declaration of Russell L. Smith in support of the Motion: DEBTORS originally purchased the REAL PROPERTY in September 20, 2006, at the price of $570,000, upon which Countrywide Home Loans with Account No. 3899 ("C/W 3899") encumbered the REAL PROPERTY with a deed of trust in the original principal amount of $545,000, and thereafter, on or about September 20, 2007, Washington Mutual Bank with Account No. 4727 ("WAMU 4727") encumbered the REAL PROPERTY with a deed of trust in the original principal amount of $250,000. Each deed of trust are recorded as liens against the REAL PROPERTY with the Los Angeles County Recorder's Office.

The issues are as follows: Does the debtor qualify under Chapter 13 if the second to WAMU is determined be a wholly undersecured claim?

### A.

### A MOTION IS THE APPROPRIATE METHOD TO DETERMINE VALUE

First, the DEBTORS have filed the Motion under 11 U.S.C. §§506(a) and 1325(a)(5)(B) so that the bankruptcy obligation to make adequate protection payments is relieved, citing as authority In re Timbers of Inwood, 484 U.S. 365 (1988). Evidence included in support of the Motion and as supplemented with the concurrent filing of the Declaration of Russell Smith, is a preliminary title report to establish priority of liens and the original amount of the debt secured, filed claims or loan documents, and an appraisal, each supported by admissible attestations of Russell Smith and the Steve Hobbs, SRA, SRPA.

### B.

### CALIFORNIA LAW CONTROLS ENFORCEMENT OF THE DEEDS OF TRUST AND TRUST PURPOSE

Second, under state law, California Civil Code Section 2909, provides in summary that once the underlying trust purpose is extinguished, the deed of trust is extinguished (See, Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1235 (1995); Trowbridge v. Love, 58 Cal.App.2d 746, 751 (1943)); i.e., once the underlying debt to WAMU has been discharged through the Chapter 13, as a matter of law, the deed of trust recorded by WAMU must be avoided by the trustee or beneficiary. Until such time as the trust purpose is extinguished the trust (deed of trust) must remain secured by the REAL PROPERTY. Therefore, the lien remaining and the interest of the creditor is as either a wholly undersecured creditor. But, until such time as the trust purpose has been extinguished with entry of the discharge in the Chapter 13, WAMU, as the holder of a lien secured by the deed of trust remains at all times secured.

**C.**

**AN UNDERSECURED DEBT IS NOT AN UNSECURED DEBT**

Third, he use of the terminology "undersecured," rather than unsecured, is important because it defines the creditor as having a lien against real property, but whose underlying trust purpose is not secured entirely by equity in the real property. The creditor is not unsecured, because the lien remains enforceable against the real property until the trust purpose is extinguished. Remember that if the Chapter 13 plan is not finished and a discharge entered, the lien is enforceable, confirming the application of state law as to the relationship between the trustor (debtor) and trustee-beneficiary (lender). And, as a practical note, if the lien is avoided before the trust obligation is discharged (or extinguished), at the time of the filing, the now adjudged unsecured obligation (because the lien is removed) would be added to the amount of the general unsecured claims at the time of the filing, thereby resulting in the jurisdiction of the court for Chapter 13 to be exceeded. Section 109(e) would thereby be violated, not as a matter of law, but because of a misinterpretation and misapplication of the law and procedure.

The case of In re Scovis, 249 F.3d 975 (9th Cir. 2001), is quite disturbing and potentially could render hundreds, if not thousands of Chapter 13 debtors ineligible for filing under Chapter 13, forcing them into more complicated and expensive Chapter 11 cases. Scovis speaks to the issue of good faith determined at the time of the filing, based upon the filed schedules. Citing, Scovis, the BAP in In re Guastella, 341 B.R. 908 (9th BAP 2006) broadened the analysis of a totality of circumstances, allowing the court to look beyond the schedules to determine the debtors good faith intent where the tentative decision of a state court had found liability and the amount of liability. Importantly for our analysis, Scovis was a judicial lien that impaired a statutory homestead exemption. The Deed of Trust evidencing that the REAL PROPERTY secures the loan made by WAMU is a consensual lien, a deed of trust, that is not subject to the homestead exemption; a critical factual distinction when it comes to the timing of whether or when a lien is deemed undersecured, versus unsecured.

In Scovis, the Ninth Circuit discussed the form over substance issue. In Scovis, however, California mortgage and deed of trust law was not considered. But, California law must be considered in determining the reality of the substance of the rights impaired with regards to, in our example, the second

1  owing to WAMU. In the instant case, as in most, the creditor is deemed "wholly undersecured," and
2  therefore, no adequate protection payments are made under Timbers.

3  The term undersecured referring to the secured claim, rather than unsecured as would be
4  appropriate to an unsecured claim, or the judicial lien avoided in Scovis, is an essential distinction, because
5  if the case is converted, the lien "rides through," and the creditor retains all remedies of a secured creditor,
6  rather than losing the right to exercise nonjudicial remedies, as if an unsecured creditor, and as with the
7  creditor in Scovis. Application of 11 U.S.C. § 506(a) results in a bifurcation of previously secured claims,
8  but 11 U.S.C. § 506(d) does not allow the "stripping off" of the wholly undersecured lien in a Chapter 7
9  case. In re Dewsnup, 908 F.2d 588, 593 (10th Cir. 1990), aff'd, 502 U.S. 410 (1992); see also H.R. Rep.
10 No. 95-595, 95th Cong., 1st Sess. 5, reprinted in 1978 U.S. Code Cong. & Admin.News 5963, 6312.
11 Under In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), and In re Lam, 211 B.R. 36 (9th Cir.BAP 1997), only
12 through a Chapter 13 (or Chapter 11) can the lien ultimately be avoided upon entry of the discharge, as
13 the purpose the further effectuation of a plan in prospect. The 9th Circuit BAP adopted the reasoning in
14 Dewsnup.

15 Therefore, it is essential to apply Bankruptcy and California law *together*. Not until the discharge
16 is entered will the underlying trust purpose be extinguished or discharged, and therefore, only at that time,
17 will the deed of trust will be subject to avoidance. This is so as a matter of law without the need for an
18 adversary proceeding, unless the trustee of the deed of trust fails to avoid the deed of trust whose trust
19 purpose has been discharged.

20 Scovis is just wrongly applied in this and other instances, both under California law, as well as
21 under Zimmer and Lam. Moreover, the DEBTORS correctly scheduled WAMU at the time of filing in
22 Schedule D as a secured creditor, and not in Schedule F as an unsecured creditor, and therefore, at the time
23 the case is filed the creditor is "undersecured," and not unsecured. The form does not dictate the substance
24 of California and Bankruptcy law. As to the issue of good faith in filing as a Chapter 13, rather than a
25 Chapter 11, again, the application of Bankruptcy law in concert with California law will lead to the correct
26 result.
27 ///
28 ///

### D.

### **PROPOSED AMENDMENTS ADDRESS MISAPPLICATION OF SCOVIS AND ENFORCE, IN PART AND REVERSE IN PART[1], APPLICATION OF ZIMMER**

Finally, the most recent iteration of the proposed Amendments that are bantered about before Congress as HR 200 and S 61, also supports the above analysis, providing in pertinent part that Section 109 of title 11, United States Code, is amended—

"(1) by adding at the end of subsection (e) the following: "For purposes of this subsection, the computation of debts shall not include the secured or unsecured portions of—

'(1) debts secured by the debtor's principal residence if the current value of that residence is less than the secured debt limit; or . . . '"

It is evident that Congress intends to squarely deal with the misplaced application and interpretation of Scovis and Zimmer together, rather than as distinguished. The proposed Amendment seems to evidence an intent to correct the Chapter 13 Trustee's wrong application of Scovis and the issue arising therefrom where the wholly undersecured creditor's claim would cause the secured portion of the Chapter 13 jurisdiction to be exceeded. Therefore, it seems that the proposed Amendment would provide the treble benefit of: (1) reducing the secured portion only to that amount of the secured claims that are actually secured by the value in the residence; (2) not adding to the unsecured portion that portion of the secured claims that are either partially undersecured, or wholly undersecured (see discussion below on the definition of undersecured); and (3) raising the secured jurisdiction of Chapter 13 to the extent of the value of the residence, regardless of the face amount of the underlying debt secured by the undersecured liens.

///

///

///

---

[1] The use of the words "in part" connote that Congress intends to reverse in part the restrictiveness of Zimmer to enable judges to have authority to reduce the principle balances on loans secured only by the principle residence.

## C.

## **CONCLUSION**

WHEREFORE, DEBTORS respectfully request the Court grant their Motion, and value the Real Property at $370,000, deeming WAMU 4727 an undersecured creditor for the purpose of treatment under DEBTOR'S proposed Chapter 13 Plan; that DEBTORS are relieved from making any post petition payments to WAMU 4727; that the Chapter 13 Trustee will not advance to WAMU 4727, on account of any proposed Chapter 13 Plan, any payment for the purposes of curing any amount in default or in arrears to WAMU 4727; that WAMU 4727 have its lien subject to being avoided upon entry of a Chapter 13 Discharge, and for such other and further relief as the Court may deem just and proper.

Dated: February 18, 2009                    LAW OFFICES OF LOUIS J. ESBIN

/S/ Louis J. Esbin

BY_____
LOUIS J. ESBIN, ESQ.
Attorneys for DEBTORS

**PROOF OF SERVICE OF DOCUMENT(S)**
**In re Russell L. Smith and Joy C. Smith**
**Bankruptcy Case No. SV 08-17343 MT**

I, Louis J. Esbin, the undersigned, declare and state as follows: I am an individual over 18 years of age and I am not a party to the within action. I am employed by a member of the State Bar of California, at whose direction service is made. My mailing business address is 27201 Tourney Road, Suite 122, Valencia, CA 91355-1857

On February 22, 2009, I caused to served the following document upon the interested parties:

**RESPONSE OF DEBTORS TO TRUSTEE'S BRIEF CONCERNING DEBTORS' ELIGIBILITY AND IN FURTHER SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES**

The foregoing document will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

[X] **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **the below stated date**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following referenced person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

    See Attached List

[X] **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **the below stated date** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    See Attached List                      Hon. Maureen Tighe
                                        21041 Burbank Blvd., Woodland Hills, CA

[ ] **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **the below stated date** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

    See Attached List

        EXECUTED on _____February 22, 2009_____, at Valencia, California

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

                                          /s/ Louis J. Esbin

                                          Louis J. Esbin, declarant

# PROOF OF SERVICE LIST
In re Russell L. Smith and Joy C. Smith
Bankruptcy Case No. SV 08-17343 MT

Office of the United States Trustee
Office Of The United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Chapter 13 Trustee
Elizabeth F. Rojas
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

Counsel for Debtor
Louis J. Esbin
Law Offices of Louis J. Esbin
27201 Tourney Road, Suite 122
Valencia, California 91355-1857

**Countrywide Home Loans, Inc.**

Secured Creditor
Countrywide Home Loans
P O Box 5170, MS SV314B
Simi Valley, CA 93065

Secured Creditor - Agent for Process
The Prentice Hall Corporation
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Secured Creditor
Countrywide Home Loans-Bankruptcy Dept.
7105 Corporate Drive
Mail Stop PTX-C-35
Plano, TX 76137

Request for Special Notice
Countrywide Home Loans, Inc.
c/o McCalla Raymer, LLC
Bankruptcy Dept.
1544 Old Alabama Road
Roswell, Georgia 30076

Request for Special Notice
Countrywide Home Loans, Inc.
c/o Miles, Bauer, Bergstrom & Winters
1665 Scenic Avenue,
Roswell, Georgia 30076

**WAMU**

Secured Creditor - WAMU
Washington Mutual
Bankruptcy Servicing
P.O. Box 10467
Greenville, SC 29603

Secured Creditor - WAMU
Washington Mutual
Bankruptcy Servicing
P.O. Box 1147
Northridge, CA 91328

Secured Creditor - WAMU
Washington Mutual
Home Loan Customer Service
P.O. Box 100576
Mail Stop: FSC0170
Florence, SC 29502-0576

Secured Creditor - WAMU
Washington Mutual
Attn: General Inquiries
1301 Second Ave.
Seattle, WA 98101