**Louis J. Esbin, Esq. (Cal.Bar No. 119705)**
**LAW OFFICES OF LOUIS J. ESBIN**
**27201 Tourney Road, Suite 122**
**Valencia, California  91355-1804**
**Tel: 661-254-5050 |  Fax: 661-254-5252**
**E-mail: Esbinlaw@sbcglobal.net**

Attorneys for Debtors and Appellants, Russell L. Smith and Joy C. Smith

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Chapter 13 Case |
| Russell L. Smith and Joy C. Smith, | Bankr. No. SV 08-17343 MT |
| Debtors and Appellants. | NOTICE OF APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009). |
| | Appealed from Hearing Date:   August 11, 2009 Time:  9:30 am Place:  Courtroom 302 21041 Burbank Blvd., Woodland Hills, CA |

NOTICE IS GIVEN that Debtors, RUSSELL L. SMITH AND JOY C. SMITH (the "DEBTORS"), by and through counsel of record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, do respectfully appeal from the ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (a true and correct copy of which is attached and incorporated by this reference as Exhibit "1"), entered on September 22, 2009, which ORDER is based upon the MEMORANDUM OF LAW RE: DEBTOR'S ELIGIBILITY UNDER 11 U.S.C. § 109(e) IN LIGHT OF UNDERSECURED DEBT EXCEEDING DEBT LIMITS  (a true and correct copy of which is attached and incorporated by this reference as Exhibit "2"), entered on August 7, 2009.

NOTICE IS FURTHER GIVEN of this Appeal to the following parties and their counsel of record, at the following addresses, along with their fax, phone and email addresses, last known to Debtors and Appellants:

Chapter 13 Trustee
Elizabeth Rojas, Chapter 13 Trustee
OFFICE OF CHAPTER 13 TRUSTEE
15060 Ventura Blvd., Suite 240
Sherman Oaks, California 91403
Tel: 818-933-5730 | Fax: (818) 933-5755
Email: lrojas@ch13wla.com

Counsel for Debtors
Louis J. Esbin, Esq. (Cal.Bar No. 119705)
LAW OFFICES OF LOUIS J. ESBIN
27201 Tourney Road, Suite 122
Valencia, California  91355-1857
Tel: 661-254-5050 |  Fax: 661-254-5252
E-mail: Esbinlaw@sbcglobal.net

Office of the United States Trustee
Peter Anderson, United States Trustee
OFFICE OF UNITED STATES TRUSTEE
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367
Tel: 818-610-2365 | Fax: 818-610-2364
E-mail: peter.c.anderson@usdoj.gov

WHEREFORE, Debtors, RUSSELL L. SMITH AND JOY C. SMITH, respectfully request the Court docket this Notice of Appeal and Appeal.


Dated: September 26, 2009

LAW OFFICES OF LOUIS J. ESBIN

/S/ Louis J. Esbin

BY_____
LOUIS J. ESBIN
Attorneys for Debtors and Appellants, RUSSELL
L. SMITH AND JOY C. SMITH

**EXHIBIT "1"**



FILED & ENTERED

SEP 22 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY adomingu DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Russell L Smith,<br><br>Joy C Smith<br><br><br><br><br>Debtor(s). | Case No: 1:08-bk-17343-MT<br><br>Chapter: 13<br><br>**ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT**<br>Date: August 11, 2009<br>Time: 9:30AM<br>Location: Courtroom 302 |

On September 25, 2009, Russell and Joy Smith "debtors" filed a petition for relief under Chapter 13 of the Bankruptcy Code. In a ruling dated August 7, 2009, this court determined that, at time of filing, debtors had $337,195 in unsecured debt. Section 109(e) requires that a Chapter 13 debtor must have less than $336,900 in unsecured debt at the time the debtor files. Because the debtors unsecured debt exceeds section 109(e)'s limit on unsecured debt;

    **IT IS HEREBY ORDERED** that debtors case is DISMISSED; and

    **IT IS FURTHER ORDERED** that this dismissal shall become effective upon the entry of this order.

DATED: September 22, 2009

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (</u>"<u>NEF</u>"<u>)</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Louis J Esbin     Esbinlaw@sbcglobal.net
- Elizabeth (SV) Rojas    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Russell & Joy Smith**
19413 Greenmountain Drive
Newhall, CA 91321

☐ Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| | |

Category III (To be served by the lodging party).

**EXHIBIT "2"**



FILED & ENTERED

AUG 07 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY adominguDEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Russell L Smith,<br><br>Joy C Smith<br><br><br><br><br>                    Debtor(s). | Case No: 1:08-bk-17343-MT<br><br>Chapter: 13<br><br>**MEMORANDUM OF LAW RE: DEBTOR'S ELIGIBILITY UNDER 11 U.S.C. §109(e) IN LIGHT OF UNDERSECURED DEBT EXCEEDING DEBT LIMITS**<br><br>Date: April 14, 2009<br>Time: 11:00am<br>Location: Courtroom 302 |

**Introduction**

These cases present the increasingly common issue of how an undersecured debt should be treated in determining the debt limitations to qualify for a Chapter 13 bankruptcy where the debt arises out of the debtor's principal residence. Section 109(e) of the Bankruptcy Code requires that all debtors filing a petition for relief under Chapter 13 have noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650.[1]  There are two questions presented here for purposes of determining eligibility to file Chapter 13 under 11 U.S.C §109(e): (1) should the wholly unsecured junior deed of trust be treated as a secured or unsecured claim, and (2) should the

---

[1] Congress has placed a uniform eligibility requirement for Chapter 13, regardless of the enormous differences in median home prices across the nation.  No one appears to have ever raised the constitutionality of this unequal access to Chapter 13, but it differs markedly from the treatment of debtors in the Chapter 7 "means test" where median incomes and local standardized living expenses are taken into consideration.  *See* 11 U.S.C. § 707(b)(2).

partially secured first deed of trust on a residence be bifurcated into secured and unsecured amounts for an eligibility determination?

**Facts**

Russell and Joy Smith ("the Smiths" or "debtors") filed a chapter 13 petition on September 25, 2008.  On schedules E and F, the Smiths listed unsecured claims of $87,195. On schedule D, the Smiths listed two mortgages secured by their principal residence. The Smiths also listed secured tax debt and a note secured by a security interest in their vehicle. The Smiths valued their principal residence at $425,000. They scheduled the first deed of trust, held by Countrywide Home Loans, at $547,782. They scheduled the second deed of trust, held by Washington Mutual, at $250,000. They scheduled their secured tax debt at $8,282.70. They valued their car at $12,000, and the promissory note secured by the car at $13,775.14. In total, the Smiths scheduled $337,195 in general unsecured debt and the fully unsecured second trust deed. The unsecured portion of the first trust deed and the tax debt would add more to this total. On May 15, 2009, an order was entered granting the debtors' motion to value their principal residence under *Lam v. Thrift Investors (In re Lam)*, 211 B.R. 36 (9th Cir. B.A.P. 1997) and allowing for the avoidance of the junior lien upon discharge.

Christopher Harmon George ("George" or "debtor") filed a chapter 13 petition on November 6, 2008. On schedules E and F, George listed $324,397 in unsecured claims.[2] George also listed two mortgages secured by his principal residence. He valued his principal residence at $382,000 and scheduled the first deed of trust, held by Bank of America, at $389,233. He scheduled the second deed of trust, also held by Bank of America, at $269,002. George brought a motion to avoid the lien created by the second trust deed under *Lam*. The Court granted the motion on February 10, 2009.  The general unsecured debt added to the fully unsecured second deed of trust would amount to $593,399 in unsecured debt. The

---

[2] The Debtor listed $7,339.00 as unliquidated on his schedules. Because George potentially exceeds the debt limit by more than $250,000, the $ 7,339.00 does not affect the debt limit calculation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Chapter 13 Trustee objected to the confirmation of Debtor's plan because debtor's unsecured debt exceeded section 109(e)'s debt limit.

Mynor and Cecilia Salguero ("the Salgueros" or "debtors") filed a chapter 13 petition on November 20, 2008.  On schedules E and F, the Salgueros listed unsecured debts of $102,380. On Schedule D, the Salgueros listed three mortgages secured by their principal residence.[3] They valued their principal residence at $524,250. They scheduled the first deed of trust, held by Indymac Bank, at $555,000. They scheduled the second deed of trust, held by Washington Mutual Mortgage, at $245,548. They scheduled the third deed of trust, held by Washington Mutual Mortgage, at $225,867. This amounts to $573,795 in general unsecured debt when combined with the unsecured junior trust deeds.   On June 24, 2009, an order was entered approving a stipulation between the junior lien holders and the debtor to extinguish the liens upon entry of discharge.

**Discussion**

A debtor must meet the debt limits as of the petition date. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 981 (9th Cir. 2001). Post-petition events do not change the debt limit analysis. *Slack v. Wilshire Insurance Company (In re Slack)*, 187 F.3d 1070, 1072 (9th Cir.1999).  Initially, a court looks at a debtor's schedules to determine whether the debtor meets the debt limit requirements. *Scovis,* 249 F.3d at 982. A court may look beyond the schedules if there are allegations or indicia that the schedules were not filled out in good faith. *Id.*, *see Soderlund v. Cohen (In re Soderlund)*, 236 B.R. 271, 273 (9th Cir. B.A.P. 1999)(finding a court properly looked to proofs of claim and the Chapter 13 plan when the debtor filed multiple versions of schedules). Bad faith, in this context, exists when it appears to a legal certainty that the claim is not what the debtor reported. *See Scovis*, 249 F.3d at 982-983, *citing Matter of Pearson*, 773 F.2d 751, 757 (6th Cir. 1985). In all of the cases before this court, there

---

[3] The Salgueros would exceed the debt limit under secured debt if the unsecured junior liens were counted toward secured debt limits.  Their only argument is that undersecured debt should not count towards either limit.

are no allegations of bad faith.[4]  The Court, accordingly, must base its determination solely on the debts that debtors reported on their schedules.

According to the schedules filed in the cases at issue here, each of these debtors has significantly exceeded the debt limits and appears not to be eligible for Chapter 13.  The debtors seek to reorganize under Chapter 13 by paying the arrearages on their first trust deeds over time and by avoiding the liens of the junior trust deeds.  If they are not eligible for Chapter 13 relief, a Chapter 11 case would be prohibitively expensive and may mean they cannot find a way to save their home through bankruptcy reorganization.  The debtors have made various arguments as to why they do not exceed the debt limits and their cases should not be dismissed.

The first issue they raise is whether the "undersecured"[5] debt is considered liquidated. Only noncontingent, liquidated, debts count for purposes of calculating the debt limits. A debt is liquidated when it is "'readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided.'" *In re Guastella*, 341 B.R. 908, 916 (9th Cir. B.A.P. 2006), *quoting Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073-75 (9th Cir.1999). A debt is readily determinable when it would only require a simple hearing to determine the amount of the debt. *Guastella, 341 B.R.* at 917.

Debtors argue that the debt secured by a second deed of trust is unliquidated because it is unknown whether the debt will be determined to be secured at the time the schedules are filed.  The motion to value the lien is not filed until after the case is underway, and the court does not determine value until a subsequent hearing. Debtors further argue that 11 U.S.C. §1322(b)(2)'s special protection for claims secured by the primary residence prevents the court

---

[4]  A different analysis might be involved in a case where there appeared to be bad faith manipulation of the schedules.  In all these cases, the subsequent motion to avoid lien includes an appraisal generally supporting the values used in the schedules.
[5]  "Undersecured" debt, as used here, is defined as that part of the debt formerly secured by the deed of trust, although "unsecured" would be a more accurate term for these junior trust deeds.

from readily ascertaining the full security because the court might have to consider multiple property valuations to determine whether the claim is partially secured or fully unsecured.

The calculation of a debt's secured status usually requires only a simple hearing, and among the hundreds of motions to value junior liens in the last year in this court, this generally has been an uncontested hearing.[6] A court needs simply to look at the contract, recent evidence of the amount due and an appraisal or other evidence of the property's value provided by the debtor.  From this information, the court can easily determine to what extent the debt is secured.[7] Section 1322(b)(2)'s special protections for claims secured solely by a debtor's principal residence do not increase the difficulty of this analysis.  The court is determining whether the junior trust deed is wholly unsecured and not modifying or even valuing the partially unsecured first trust deed. Because the court can determine the fully unsecured portion of these junior trust deeds with a simple hearing, these debts are considered liquidated.

The Ninth Circuit, in *Scovis*, stated that undersecured debt must be considered unsecured for a §109(e) eligibility determination. 249 F.3d 975, 983-985 (9th Cir. 2001). In *Scovis* the Debtors valued their residence at $325,000. *Id.* at 983.  A first deed of trust encumbered the property. *Id.* The first deed of trust secured a promissory note totaling $249,026.91. *Id.* The property also secured a judgment lien of $208,000. *Id.* The debtors listed a homestead exemption of $100,000. *Id.* The *Scovis* court looked to §506(a) to define "secured" and "unsecured" in the §109(e) context. *Id.* The *Scovis* court found that the vast majority of all courts, including all circuit courts, that addressed the issue found that undersecured debt counted as unsecured debt for §109(e) purposes. Applying §506(a), the Ninth Circuit determined that $132,026.91 of the judgment lien was undersecured and counted

---

[6] The substantial difference between the range of value of the house and the amount owed to the holder of the senior lien has meant that few junior lien holders wish to dispute that their liens can be stripped.  Thus, the specific value of the property is not being determined in these uncontested motions.

[7] The Ninth Circuit, in *Scovis*, implicitly finds as much. If a debtor could claim that the parties cannot know the undersecured amount upon filing of the schedules, then every undersecured claim would be beyond 11 U.S.C. §109(e) analysis.

as unsecured debt. The court then looked to the debtor's exemption and determined that the debtor's $100,000 exemption left the other portion of the judgment lien as unsecured debt. The court classified the remaining $75,973.09 as unsecured because it was readily ascertainable that the Debtors could avoid the lien in the bankruptcy. The court found that because the Debtors listed both the homestead exemption and the lien, the bankruptcy court had a sufficient degree of certainty, on the petition date, that the Debtors could avoid the lien.

Debtors here argue that *Scovis* does not apply. Debtors first assert that the facts in the instant cases differ significantly from the facts before the Ninth Circuit in *Scovis.* Debtors argue that the Bankruptcy Code favors consensual liens such as those at issue here. Unlike judgment liens, a debtor cannot use 11 U.S.C. §522(f)(1)(A) to strip a consensual lien. Debtors may not avoid a consensual lien until a court issues a Chapter 13 discharge or confirms a Chapter 11 plan. This comparison, while accurate, does not explain why this court should treat consensual liens differently for §109(e) purposes. If a court dismisses a case in which a debtor used §522(f) to strip a judgment lien, §349(b)(1)(b) restores the lien. Thus a lien strip under §522(f), which is very similar to the valuation and stripping of a consensual lien, is not final until discharge. Further, the Ninth Circuit, in *Scovis*, cited to *In re Miller,* 907 F.2d 80 (8th Cir. 1990). The *Miller* court explicitly found that an undersecured portion of a consensual lien counted towards the debtor's unsecured debt limit. The similarities in the finality in the stripping of a judgment lien and a consensual lien and *Scovis*'s citation to a case determining the undersecured portion of a consensual lien to be unsecured debt for debt limit purposes suggest that *Scovis's* analysis does extend to consensual liens.

Debtors further argue that the Bankruptcy Code does not avoid the undersecured liens because the claims remain "secured" until the discharge is entered. The discharge then satisfies the liens' purpose and the liens fall away. Cal. Civ. Code §2909 (2009). Under this approach, the lien remains secured during the bankruptcy, and the court cannot consider it unsecured debt for §109(e) purposes. Debtors cite to the language of *Dewsnup v. Timm*, 502 U.S. 410, 417 (1993), ruling that in a Chapter 7 bankruptcy "the creditor's lien stays with the

real property until the foreclosure.  That is what was bargained for between the mortgagor and the mortgagee. The voidness language sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security."

This argument misstates how the lien avoidance operates in a Chapter 13 or 11. Section 506(a) allows the court to value the property. Once the court values the property, §506(d) voids any lien or portions of a lien securing a debt that exceeds the value of the property. This lien is then void for purposes of the bankruptcy. Once the court issues a Chapter 13 discharge or confirms a Chapter 11 plan, the lien avoidance is complete. *See In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *Gold Coast Acquisition v. In re 1441 Veteran Street (In re 1441 Veteran Street)*, 144 F.3d 1288 (9th Cir. 1998).[8] California Civil Code §2909 does not play a role in this process, and decisions subsequent to *Dewsnup* limit its applicability to the Chapter 7 context in which the issue arose.  *See, e.g., Lam*, *Zimmer*, *supra*.

While debtor argues quite persuasively that *Scovis* should not control here, its ruling is broad and appears to clearly apply to these cases.  It holds that completely undersecured liens must count as unsecured debt for purposes of §109(e).  This approach to the undersecured debt is consistent with other courts that have ruled on the issue. *See, e.g., In re Toronto*, 165 B.R. 746 (Bankr. D. Conn. 1994)( "Construing the §109(e) unsecured debt limitation to include claims deemed unsecured by operation of the Code is consistent with the approach most courts have taken in considering the effect of §506(a) on §109(e)."); *In re Prosper*, 168 B.R. 274 (Bankr. D. Conn 1994) ("It is patently unfair for the debtor to be permitted to treat a claim as unsecured for the purposes of distribution, which in this case would have resulted in no distribution whatsoever, and yet treat the same claim as fully secured for the purpose of evading the unsecured debt limitation of § 109(e).")

---

[8] The 2005 revision to 11U.S.C. § 1141(d)(5) would likely change this result in an individual Chapter 11 case and the discharge would now need to await completion of payments under the plan, as with Chapter 13 plans.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

While the analysis of *Scovis* controls the result when considering the fully unsecured junior trust deeds, a different question arises with respect to the partially secured first trust deed. Section 1322(b)(2) prevents a bankruptcy court from modifying a lien secured only by a debtor's principal residence. *Nobleman v. American Savings Bank (In re Nobleman)*, 508 U.S. 324 (1993). Thus, while the Bankruptcy Court may still value a debtor's principal residence, the Code does not allow the Court to modify a lien even partially secured by the residence. *See Zimmer v. PSB Lending Corp.*(*In re Zimmer*), 313 F.3d 1220 (9th Cir. 2002). The Bankruptcy Appellate Panel for the Ninth Circuit recognized this issue in the case *In re Soderlund*, 236 B.R. 271, 273 (9th Cir. B.A.P. 1999). The *Soderlund* court classified fully undersecured debt as unsecured for §109(e) purposes but, in footnote 5, it opined that it might come to a different conclusion if confronted with a loan partially secured by a debtor's principal residence. *Soderlund*, at n.5.

The debtors read footnote 5 to say that a court should find any debt secured when §1322(b)(2) might prevent a debtor from modifying the loan. They wish to extend the limitation placed on modifying a partially secured trust deed to wholly unsecured junior liens on the primary residence. While footnote 5 is simply dicta, it does indicate the problem with applying *Scovis* and *Soderlund* to debtor's primary residence indebtedness. Debtors' reading of the footnote is, however, far broader than §1322(b)(2) requires. At best, the footnote indicates that a court should consider a debt secured for purposes of the §109(e) analysis if it finds a mortgage on the primary residence partially secured.[9] This interpretation hews closely to *Scovis*' requirement that a court consider all undersecured debt unsecured for purposes of §109(e) analysis, but recognizes the realities of how that particular debt will be treated in the bankruptcy case. It also would not be appropriate to split a claim for eligibility purposes if that claim must be treated as fully secured at confirmation. *Accord*, *In re Toronto*, 165 B.R. 746 (Bankr.D.Conn.1994).

---

[9] Finding a mortgage partially secured is the critical question because the Ninth Circuit, in *Zimmer v. PSB Lending Corp*, determined that section 1322(b) does not protect a loan secured by a lien on a primary residence if that lien is fully undersecured. 313 F.3d 1220 (9th Cir. 2002).

In order to avoid treating a lien one way for confirmation and another for eligibility, and to treat the partially secured senior trust deeds consistent with *Nobleman* and *Zimmer*, any lien which is partially secured on debtor's primary residence will be treated as a secured debt for § 109(e) purposes as well.

**Conclusion**

Where debtors' schedules show the senior deeds of trust exceeding the home's value, the junior trust deeds must be counted as unsecured debt. Where a trust deed is partially secured on a debtor's primary residence, that debt will be counted as secured debt for §109(e) purposes.

While the court does not have the freedom to distinguish *Scovis* in the manner proposed by the debtors, it agrees that it is inequitable to deny middle class debtors with only a single family home access to Chapter 13.  The Chapter 13 debt limits are simply too low for a large number of middle class homeowners in this district, especially where home values have plummeted steeply leaving such large amounts of unsecured debt. This court must apply the law as it exists, however, and that causes these debtors to exceed §109(e)'s debt limit.  These cases will, accordingly, be dismissed as exceeding the debt limits.

In order to give debtors an opportunity to evaluate whether they wish to appeal this ruling, the dismissal order will not issue until after the court's regularly scheduled Chapter 13 calendar on August 11, 2009.  Should these debtors wish to have their case stayed pending appeal, they should file a motion to do so by August 21, 2009.

Although the language in *Scovis* and *Soderlund* controls as to classification of undersecured debt on a primary residence, neither of those cases directly addressed the lien stripping on a primary residence situation at issue here. Allowing these petitions to continue pending appeal will allow the Debtors to make up arrearages, make it easier to convert to

Chapter 11 should that be necessary, and allow the Chapter 13 plans to progress fairly far along should the Court of Appeals modify its ruling in *Scovis* to allow these cases to remain in Chapter 13.

Should any party appeal, the court will consider entering an order certifying this matter under 28 U.S.C.§ 158(d)(2)(B)(i) for direct appeal.  There have been a number of other cases presenting this same issue, but they have been dismissed or converted to Chapter 7 for failure to make plan payments before any ruling on the debt limits issue could be issued.  Debtors making decisions about how to save their home need to know clearly before a case is filed whether Chapter 13 is a viable option or whether they must find a way to file a much more expensive Chapter 11 case.  This is a matter of significant public importance in an area where foreclosure rates are at an historic high and the debt limits set by Congress do not adequately address a large number of average home owners in financial distress.

DATED: August 7, 2009

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF LAW RE: DEBTOR'S ELIGIBILITY UNDER 11 U.S.C. §109(e) IN LIGHT OF UNDERSECURED DEBT EXCEEDING DEBT LIMITS**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:


**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (**"NEF"**)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.


- Louis J Esbin      Esbinlaw@sbcglobal.net
- Elizabeth (SV) Rojas      cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Russell & Joy Smith**
19413 Greenmountain Drive
Newhall, CA 91321

ECMC
(successor to Calif Student Aid Comm)
7325 Beaufont Springs # 200
Richmond, VA 23225

GE Money Bank
c/o Recovery Management Systems Corp
Ramesh Singh
25 SE 2nd Avenue Suite 1120
Miami, FL 33131-1605

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| | |

Category III (To be served by the lodging party).

## PROOF OF SERVICE OF DOCUMENT(S)
**In re Russell L. Smith and Joy C. Smith**
**Bankruptcy Case No. SV 08-17343 MT**

I, Louis J. Esbin, the undersigned, declare and state as follows:  I am an individual over 18 years of age and I am not a party to the within action.  I am employed by a member of the State Bar of California, at whose direction service is made.  My mailing business address is 27201 Tourney Road, Suite 122, Valencia, CA 91355-1857

On September 26, 2009, I caused to served the following document upon the interested parties:

**NOTICE OF APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009)**

The foregoing document will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

☒  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **the below stated date**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following referenced person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

Chapter 13 Trustee
Elizabeth Rojas, Chapter 13 Trustee
Email: lrojas@ch13wla.com

Counsel for Debtors
Louis J. Esbin, Esq. (Cal.Bar No. 119705)
E-mail: Esbinlaw@sbcglobal.net

Office of the United States Trustee
Peter Anderson, United States Trustee
E-mail: peter.c.anderson@usdoj.gov

☒  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **the below stated date** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See Attached List**

Hon. Maureen Tighe
Courtroom 302
21041 Burbank Blvd., Woodland Hills, CA

☐  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **the below stated date** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**See Attached List**

EXECUTED on ____September 26, 2009____, at Valencia, California

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

/s/ Louis J. Esbin

Louis J. Esbin, declarant