**Louis J. Esbin, Esq. (Cal.Bar No. 119705)**
**LAW OFFICES OF LOUIS J. ESBIN**
**27201 Tourney Road, Suite 122**
**Valencia, California 91355-1804**
**Tel: 661-254-5050 | Fax: 661-254-5252**
**E-mail: Esbinlaw@sbcglobal.net**

Attorneys for Debtors and Appellants, Russell L. Smith and Joy C. Smith

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Chapter 13 Case |
| Russell L. Smith and Joy C. Smith, | Bankr. No. SV 08-17343 MT |
| Debtors and Appellants. | NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009) [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005]. |
| | Appealed from Hearing |
| | Date:   August 11, 2009 |
| | Time:   9:30 am |
| | Place:  Courtroom 302 |
| | 21041 Burbank Blvd., Woodland Hills, CA |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, PARTIES IN INTEREST AND COUNSEL OF RECORD:

NOTICE IS GIVEN that Debtors, RUSSELL L. SMITH AND JOY C. SMITH (the "DEBTORS"), by and through counsel of record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, do respectfully submit for consideration of this Honorable Court this NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009) (the "Motion for Stay Pending Appeal"), pursuant to Federal Rules Bankruptcy Procedure Rule 8005, on the grounds that DEBTORS First Amended Chapter 13 Plan was confirmed by order of this Court on September 10, 2009, following entry of an order granting DEBTORS Motion to Value entered on May 15, 2009, such that denial

of this Motion for Stay Pending Appeal will result in prejudice to DEBTORS arising from the vacating of the confirmation order and the valuation order, and if DEBTORS were to refile under Chapter 11 the imposition of the "semi-automatic" stay of 11 U.S.C. § 362 and the further need to set another hearing on a motion to value and the more expensive administration of chapter 11, including soliciting a chapter 11 plan through a chapter 11 disclosure statement, United States Trustee requirements, among other more cumbersome requirements under chapter 11.

NOTICE IS FURTHER GIVEN that in this CASE granting of this Motion for Stay Pending Appeal with the relief requested is within the sound discretion of the Court and in furtherance of the justice without prejudice to the DEBTORS or any other parties in interest. DEBTORS request that the Court stay the effect of the Dismissal Order that is the subject of the Notice of Appeal, but also, that the Confirmation Order and Valuation Order remain in full force and effect, and that pending final adjudication by the United States Court of Appeals for the Ninth Circuit that all proceedings relating to or arising from the CASE be stayed without necessity of a supercedeas bond.

NOTICE IS FURTHER GIVEN of this Motion Stay Pending Appeal is being give to the following parties and their counsel of record, at the following addresses, along with their fax, phone and email addresses, last known to Debtors and Appellants:

Chapter 13 Trustee
Elizabeth Rojas, Chapter 13 Trustee
OFFICE OF CHAPTER 13 TRUSTEE
15060 Ventura Blvd., Suite 240
Sherman Oaks, California 91403
Tel: 818-933-5730 | Fax: (818) 933-5755
Email: lrojas@ch13wla.com

Counsel for Debtors
Louis J. Esbin, Esq. (Cal.Bar No. 119705)
LAW OFFICES OF LOUIS J. ESBIN
27201 Tourney Road, Suite 122
Valencia, California 91355-1857
Tel: 661-254-5050 | Fax: 661-254-5252
E-mail: Esbinlaw@sbcglobal.net

Office of the United States Trustee
Peter Anderson, United States Trustee
OFFICE OF UNITED STATES TRUSTEE
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367
Tel: 818-610-2365 | Fax: 818-610-2364
E-mail: peter.c.anderson@usdoj.gov

NOTICE IS FURTHER GIVEN that the Motion for Stay Pending Appeal is further supported by the following Factual Background, Memorandum of Authorities, and the Request of Judicial Notice under Fed.R.Evid. 201, and on such other grounds as may be presented upon request of the Court.

# I.

# **FACTUAL BACKGROUND**

On September 25, 2008, DEBTORS filed a voluntary petition under Chapter 13, Title 11 United States Code commencing Case No. SV 08-17343 MT (the "<u>CASE</u>"), reasonably believing such was needed to stay the foreclosure of their residential Real Property and to enable DEBTORS to reorganize their financial affairs, including concerning the Real Property. The Real Property is DEBTORS' principal residence.

On December 15, 2008, DEBTORS filed and served their NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT ("Motion to Value")(The Motion to Value is found in the Court record as Case Docket No. 9, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201), upon which on May 15, 2009, the Court entered its ORDER GRANTING MOTION TO VALUE REAL PROPERTY AND STAY POST PETITION PAYMENTS ("Valuation Order"). The Valuation Order is found in the Court record as Case Docket No. 18, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201.

On September 10, 2009, upon DEBTORS' Amended Plan filed and served July 28, 2008, this Court entered its Order Confirmation Plan ("Confirmation Order"), which among other things provides that DEBTORS will pay the Chapter 13 for a sixty month period the amount of $163. It is a 0% Plan. The Confirmation Order is found in the Court record as Case Docket No. 28, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201.

The Chapter 13 Trustee filed on January 30, 2009, a Brief Re: Debtor's Eligibility for Chapter 13 Bankruptcy found in the Court record as Case Docket No. 15, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201. On February 22, 2009, there was filed on behalf of DEBTORS the RESPONSE OF DEBTORS TO TRUSTEE'S BRIEF CONCERNING DEBTORS' ELIGIBILITY AND IN FURTHER SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES found in the Court record as Case Docket No. 16, to which the DEBTORS respectfully

3

request the Court take Judicial Notice under Fed.R.Evid. 201. On August 7, 2009, this Court entered its MEMORANDUM OF LAW RE: DEBTOR'S ELIGIBILITY UNDER 11 U.S.C. § 109(e) IN LIGHT OF UNDERSECURED DEBT EXCEEDING DEBT LIMITS ("Memorandum of Decision"). The Memorandum of Decision is found in the Court record as Case Docket No. 26, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201.

Following entry of the Confirmation Order on September 22, 2009, this Court entered its ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT ("Dismissal Order"). . The Dismissal Order is found in the Court record as Case Docket No. 33, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201.

Finally, on September 29, 2009, DEBTORS as Appellants filed their NOTICE OF APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009) ("Notice of Appeal"). The Notice of Appeal is found in the Court record as Case Docket No. 35, to which the DEBTORS respectfully request the Court take Judicial Notice under Fed.R.Evid. 201.

Concurrently herewith DEBTORS are submitting for this Court consideration their NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT OF THE NOTICE OF APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009) (the "Motion for Direct Appeal").

///
///
///
///
///

## II.

## ARGUMENT

## THE COURT HAS DISCRETION TO GRANT A STAY PENDING APPEAL UPON TIMELY FILING OF A NOTICE OF APPEAL

The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction "over those aspects of the case involved in the appeal." See 222 F.3d 1184, 1190 (9th Cir. 2000). The bankruptcy court retains jurisdiction over all other matters that it must undertake "to implement or enforce the judgment or order," although it "may not alter or expand upon the judgment." Id. If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay. See, Fed. R. Bankr. P. 8005 (instructing the appealing party to file "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal"). In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007).

Federal Rules of Bankruptcy Procedure Rule 8005 provides in pertinent part that:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. . . . . When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

In this CASE granting of this Motion for Stay Pending Appeal with the relief requested is within the sound discretion of the Court and in furtherance of the justice without prejudice to the DEBTORS or any other parties in interest. DEBTORS request that the Court stay the effect of the Dismissal Order that is the subject of the Notice of Appeal, but also, that the Confirmation Order and Valuation Order remain in full force and effect, but that pending final adjudication by the United States Court of Appeals for the Ninth Circuit that all proceedings relating to or arising from the CASE be stayed. See, In re Sherman, 491 F.3d

at 967, where the Ninth Circuit held that absent a stay pending appeal, the bankruptcy court lacked jurisdiction over only the dismissal order appealed from, but did not lack jurisdiction over any other proceedings or matters pending in the case. Therefore, DEBTORS respectfully request that this Court stay its jurisdictional authority over all matters pending in the CASE, including without limitation all those relating to or arising from the Confirmation Order and Valuation Order.

DEBTORS further request that any bond requirement be waived and not set as a condition to the granting of this Motion for Stay Pending Appeal, as parties in interest are protected through the entry of the Confirmation Order and the continued payment of $163 per month by the DEBTORS to the Chapter 13 Trustee, as required under the Confirmation Order. This is clearly within the discretion of the Court under Rule 8005 to "... make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

WHEREFORE, DEBTORS and Appellants, RUSSELL L. SMITH AND JOY C. SMITH, respectfully request the Court grant this Motion for Stay Pending Appeal with the relief requested is within the sound discretion of the Court and in furtherance of the justice without prejudice to the DEBTORS or any other parties in interest. DEBTORS request that the Court stay the effect of the Dismissal Order that is the subject of the Notice of Appeal, but also, that the Confirmation Order and Valuation Order remain in full force and effect, and that pending final adjudication by the United States Court of Appeals for the Ninth Circuit that all proceedings relating to or arising from the CASE be stayed without necessity of a supercedeas bond.

Dated: October 1, 2009                           LAW OFFICES OF LOUIS J. ESBIN

/S/ Louis J. Esbin

BY_____
LOUIS J. ESBIN
Attorneys for DEBTORS and Appellants,
RUSSELL L. SMITH AND JOY C. SMITH

**PROOF OF SERVICE OF DOCUMENT(S)**
**In re Russell L. Smith and Joy C. Smith**
**Bankruptcy Case No. SV 08-17343 MT**

I, Louis J. Esbin, the undersigned, declare and state as follows: I am an individual over 18 years of age and I am not a party to the within action. I am employed by a member of the State Bar of California, at whose direction service is made. My mailing business address is 27201 Tourney Road, Suite 122, Valencia, CA 91355-1857

On October 1, 2009, I caused to served the following document upon the interested parties:

**NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009) [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005]**

The foregoing document will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **the below stated date**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following referenced person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

Chapter 13 Trustee
Elizabeth Rojas, Chapter 13 Trustee
Email: lrojas@ch13wla.com

Counsel for Debtors
Louis J. Esbin, Esq. (Cal.Bar No. 119705)
E-mail: Esbinlaw@sbcglobal.net

Office of the United States Trustee
Peter Anderson, United States Trustee
E-mail: peter.c.anderson@usdoj.gov

☒ **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **the below stated date** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See Attached List**

Hon. Maureen Tighe
Courtroom 302
21041 Burbank Blvd., Woodland Hills, CA

☐ **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **the below stated date** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**See Attached List**

EXECUTED on ___October 1, 2009___, at Valencia, California

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

/s/ Louis J. Esbin

Louis J. Esbin, declarant