FILED & ENTERED

OCT 02 2009

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY marshall DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 1:08-bk-17343-MT |
| Russell L Smith, | Chapter: 13 |
| Joy C Smith | **ORDER CERTIFYING CASE FOR DIRECT APPEAL** |
| | [NO HEARING REQUIRED] |
| Debtor(s). | |

On July 14, 2009, this Court issued an order dismissing Debtors' Chapter 13 petition. The Court issued this order because it found that Ninth Circuit's language in *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 981 (9th Cir. 2001), and the Bankruptcy Appellate Panel's language in *In re Soderlund*, 236 B.R. 271, 273 (9th Cir. B.A.P. 1999) compelled it to find that a fully undersecured second mortgage on a debtor's primary residence counts as unsecured debt for purposes of 11 U.S.C. 109(e)'s limits on the amount and type of a Chapter 13 debtor's debts. The *Scovis* and *Soderlund* courts, however, did not address the issue of how to classify undersecured debt on a primary residence. The classification of undersecured debt on a primary residence presents a pressing problem because almost every debtor that files a Chapter 13 petition in the Central District of California has undersecured debt on their primary residence. Thus, until there is a binding appellate opinion on this debt classification issue, many potential Chapter 13 debtors will not know if they are eligible for relief under

Chapter 13. Because it is unclear if the language in *Scovis* and *Soderlund* controls as to classification of undersecured debt on a primary residence and clarifying the Chapter 13 eligibility of hundreds if not thousands of potential debtors is a matter of public importance;

**IT IS HEREBY ORDERED** that the order dismissing the above case is CERTIFIED for direct appeal to the Ninth Circuit Court of Appeals.

DATED: October 2, 2009

United States Bankruptcy Judge

- 2 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CERTIFYING CASE FOR DIRECT APPEAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of October 2, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Louis J Esbin    Esbinlaw@sbcglobal.net
- Elizabeth (SV) Rojas    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Russell Smith and Joy Smith Smith**
19413 Greenmountain Drive
Newhall, CA 91321

ECMC
(successor to Calif Student Aid Comm)
7325 Beaufont Springs # 200
Richmond, VA 23225

GE Money Bank
c/o Recovery Management Systems Corp
Ramesh Singh
25 SE 2nd Avenue Suite 1120
Miami, FL 33131-1605

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page