**Louis J. Esbin, Bar No. 119705**
**LAW OFFICES OF LOUIS J. ESBIN**
27201 Tourney Road, Suite 122
Valencia, California  91355
Tel: 661-254-5050 | Fax: 661-254-5252
E-mail: Esbinlaw@sbcglobal.net

Attorneys for Debtors and Appellants, Russell L. Smith and Joy C. Smith

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Chapter 13 Case |
| RUSSELL L. SMITH AND JOY C. SMITH, | Bankr. No. SV 08-17343 MT |
| Debtors and Appellants. | DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009). |
| | Notice of Appeal filed: September 29, 2009 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, PARTIES IN INTEREST AND COUNSEL OF RECORD:

NOTICE IS GIVEN that Debtors, RUSSELL L. SMITH AND JOY C. SMITH (the "DEBTORS"), by and through counsel of record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, do respectfully submit for consideration of this Honorable Court this DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009), which appeal was filed on September 29, 2009, and state the following issues of law or fact:

1.  Did the Bankruptcy Court err in dismissing the Chapter 13 case on the grounds the DEBTORS unsecured debt exceeded the jurisdictional limits of 11 U.S.C. §109(e)?

///

///

2.   To determine the total amount of unsecured debt under 11 U.S.C. §109(e) should the Bankruptcy Court have included the indebtedness secured by the wholly undersecured deed of trust?

3.   Should the Bankruptcy Court have distinguished the judicial lien avoidance facts of In re Scovis, 249 F.3d 975 (9th Cir. 2001), to find under 11 U.S.C. §109(e) that the indebtedness secured by the wholly undersecured deed of trust should not be included in determining the amount of unsecured debt?

4.   Where upon conversion to Chapter 7 or dismissal of the Chapter 13 or 11 case the holder of the deed of trust retains all rights and remedies as a secured creditor to foreclose, under 11 U.S.C. §109(e) should the Bankruptcy Court have treated the wholly undersecured deed of trust as secured debt?

5.   Should the Bankruptcy Court have applied California Civil Code §2909 to find that the wholly undersecured indebtedness is secured until entry of the Chapter 13 or 11 discharge, and therefore under 11 U.S.C. §109(e) is not included in determining the amount of unsecured debt?

6.   Having found under 11 U.S.C. §506(a) and United Savings Association of Texas v. Timbers of Inwood Forest Association, Limited, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), that the deed of trust was wholly undersecured, does entry of the discharge merely complete the lien avoidance process?

7.   Given the application of local standards in determining whether a presumption of abuse arises under 11 U.S.C. §707(b)(2) or in determining the minimum commitment period under 11 U.S.C. §1325(b)(4)(A)(ii), does the uniform eligibility requirement for Chapter 13 under 11 U.S.C. §109(e) deny certain debtors access to relief under Chapter 13?

WHEREFORE, Debtors and Debtors in Possession, RUSSELL L. SMITH AND JOY C. SMITH, respectfully request the Court consider the foregoing Issues for Appeal.

Dated: November 13, 2009                    LAW OFFICES OF LOUIS J. ESBIN

/S/ Louis J. Esbin

BY_____
LOUIS J. ESBIN, ESQ.
Attorneys for Debtors and Appellants,
RUSSELL L. SMITH AND JOY C. SMITH

**PROOF OF SERVICE OF DOCUMENT(S)**
**In re Russell L. Smith and Joy C. Smith**
**Bankruptcy Case No. SV 08-17343 MT**

I, Louis J. Esbin, the undersigned, declare and state as follows: I am an individual over 18 years of age and I am not a party to the within action. I am employed by a member of the State Bar of California, at whose direction service is made. My mailing business address is 27201 Tourney Road, Suite 122, Valencia, CA 91355-1857

On November 13, 2009, I caused to served the following document upon the interested parties:

**DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED SECTION 109(e)'S LIMIT ON UNSECURED DEBT (ORDER EOD SEPTEMBER 22, 2009)**

The foregoing document will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **the below stated date**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following referenced person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

Chapter 13 Trustee
Elizabeth Rojas, Chapter 13 Trustee
Email: lrojas@ch13wla.com

Counsel for Debtors
Louis J. Esbin, Esq.
E-mail: Esbinlaw@sbcglobal.net

Counsel for Chapter 13 Trustee
David B. Lally, Esq.
Email: davidlallylaw@gmail.com

Office of the United States Trustee
Peter Anderson, United States Trustee
E-mail: peter.c.anderson@usdoj.gov

☒ **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **the below stated date** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached List

Hon. Maureen Tighe
Courtroom 302
21041 Burbank Blvd., Woodland Hills, CA

☐ **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **the below stated date** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

See Attached List

 EXECUTED on ____November 13, 2009____, at Valencia, California

 I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

 /s/ Louis J. Esbin

 Louis J. Esbin, declarant